UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BERNARD O'NEAL, | ) | CASE NO. 1:06 CV 729 |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARGARET BRADSHAW, | ) | AND ORDER |
| Respondent. | ) | |

On March 30, 2006, petitioner pro se Bernard O'Neal filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. O'Neal is incarcerated in an Ohio penal institution, having been convicted of felonious assault, kidnapping, and gross sexual imposition. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he

exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

The petition indicates that O'Neal sought leave to file a delayed direct appeal to the Ohio Supreme Court, but leave was denied. State v. O'Neal, 103 Ohio St.3d 1460 (Sept. 29, 2004). The petition further reflects that O'Neal also filed an application to reopen in the Ohio Court of Appeals, which was denied on the grounds of res judicata. State v. O'Neal, No. 83393, 2005 WL 1648679 (Cuy. Cty. App. July 11, 2005). Thus petitioner was procedurally barred from raising his claims in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to case. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986); see, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990); see also, Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of his rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

2

this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

<u>s/Peter C. Economus - 5/4/06</u>
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE